# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYLE SMITH, | ) |
| | ) Civil Action No. 15 – 3J |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) Magistrate Judge Lisa Pupo Lenihan |
| TREVOR WINGARD, | ) |
| *Superintendent*, and | ) |
| PENNSYLVANIA BOARD OF | ) |
| PROBATION AND PAROLE, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

### A. Background

Pending before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner Kyle Smith ("Petitioner") on January 5, 2015. The Petition challenges the Pennsylvania Board of Probation and Parole's (the "Board") recalculation of Petitioner's sentence after his parole was revoked on November 25, 2013. By the decision of the Board on that date, Petitioner was recommitted as a convicted parole violator and ordered to serve his unexpired maximum sentence of 2 to 4 years incarceration for his November 2, 2009 conviction for committing the crime of firearm not to be carried without a license.[1] The Board recalculated that date to be November 17, 2014. On November 17, 2014, Petitioner reached the expiration of his maximum sentence date for the crime of firearm not to be carried without a license and began serving his new 3 to 6 year sentence of incarceration for the crime of possession with intent to deliver a

---

[1] Petitioner was released on parole on December 14, 2011, and he was arrested on August 11, 2012, and charged with the crime of possession with intent to deliver a controlled substance.

controlled substance.  As previously stated, he filed his Petition for Writ of Habeas Corpus in this case on January 5, 2015, and Respondents filed their Answer to the Petition on March 9, 2015.  For the following reasons the Petition will be dismissed for lack of jurisdiction.

### B. Discussion

Petitioner is no longer in custody for the judgment of sentence that he is challenging and therefore this Court does not have jurisdiction over his Petition.  In this regard, 28 U.S.C. § 2254(a) provides that federal habeas jurisdiction permits the entertaining of "an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is **in custody** in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added).  *See also* id. § 2254(b) ("An application for a writ of habeas corpus on behalf of a person **in custody** pursuant to the judgment of a State court shall not be granted unless it appears that … ") (emphasis added).  In light of this language, the Court of Appeals for the Third Circuit has declared that "the *sine qua non* of federal habeas corpus jurisdiction is that petitioner be 'in custody'[.]"  United States ex rel. Dessus v. Commonwealth of Pennsylvania, 452 F.2d 557, 559-60 (3d Cir. 1971).  It explained:

> The sole justification of federal habeas jurisdiction for a state prisoner is the statutory mandate that the applicant be a "person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254.  Indeed, in the seminal case of Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), Mr. Justice Brennan was careful to emphasize:  "The jurisdictional prerequisite is not the judgment of a state court but detention *simpliciter*." 372 U.S. at 430, 83 S.Ct. at 844.  Thus, custody is the passport to federal habeas corpus jurisdiction.  Without custody, there is no detention.  Without detention, or the possibility thereof, there is no federal habeas jurisdiction.

Id. at 560 (footnote omitted).  *See also* Brian R. Means, Federal Habeas Manual § 1:3 (June 2012) ("The custody requirement is jurisdictional.") (citing, *inter alia*, Maleng v. Cook, 490 U.S. 488, 490 (1989) (*per curiam*)).  The Court of Appeals for the Third Circuit also has explained

that "[i]n making a custody determination, a court looks to the date that the habeas petition was filed." Barry v. Bergen County Probation Dep't, 128 F.3d 152, 159 (3d Cir. 1997). *See also* Federal Habeas Manual § 1:4 ("In order to satisfy the custody requirement, the petitioner must be in custody at the time the petition is filed in federal court.") (citing Spencer v. Kemna, 523 U.S. 1, 7 (1998)).

With respect to this case, Petitioner finished serving the particular sentence that he is challenging in his Petition on November 17, 2014 (firearm not to be carried without a license). He did not, however, file his Petition for Writ of Habeas Corpus until January 5, 2015. At that point, Petitioner was no longer serving his sentence that he is challenging, but the new 3 to 6 year sentence for possession with intent to deliver. Accordingly, the Court will dismiss the Petition for lack of jurisdiction because Petitioner was not in custody for the judgment of sentence he is challenging at the time he filed his Petition.[2]

### C. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Moreover, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court

---

[2] In fact, a phone call to the Pennsylvania Department of Corrections revealed that Petitioner is no longer incarcerated.

was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether Petitioner was in custody pursuant to the judgment of sentence he is challenging at the time he filed his Petition in this case.

Dated: February 27, 2018.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KYLE SMITH, | ) | |
| | ) | Civil Action No. 15 – 3J |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| TREVOR WINGARD, | ) | |
| *Superintendent*, and | ) | |
| PENNSYLVANIA BOARD OF | ) | |
| PROBATION AND PAROLE, | ) | |
| | ) | |
| Respondents. | ) | |

# **ORDER**

**AND NOW**, this 27th day of February, 2018, and for the reasons stated in this Court's Memorandum Opinion filed contemporaneously herewith,

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus (ECF No. 1) is dismissed for lack of jurisdiction

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge

cc: Kyle Smith
 JE-5772
 SCI Somerset
 1600 Walters Mill Road
 Somerset, PA  15510

 Counsel for Respondents
 (*Via CM/ECF Electronic Mail*)